IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL VANSCHAICK & | : | CIVIL ACTION |
| LAUREN VANSCHAICK | : | |
| | : | |
| v. | : | |
| | : | |
| STATE FARM FIRE AND CASUALTY | : | |
| COMPANY | : | NO. 25-1354 |

**MEMORANDUM**

**Padova, J.**                                                                                                **July 24, 2025**

Plaintiffs Michael and Lauren VanSchaick filed a claim with their insurer, Defendant State Farm Fire and Casualty Company, after a leak from a fractured toilet tank caused extensive damage at their Pocono Lake property.  When Defendant denied coverage, Plaintiffs filed the instant action asserting breach of contract and bad faith claims under Pennsylvania law.  Defendant has moved to dismiss the bad faith claim, as well as a demand for attorney's fees in connection with the breach of contract claim.  For the reasons that follow, the Motion is denied as to the bad faith claim and granted as to the demand for attorney's fees.

## I.    BACKGROUND

The Amended Complaint alleges the following facts.  Since 2021, Plaintiffs Michael and Lauren VanSchaick have owned a home located at 311 Caribou Drive, Pocono Lake, PA 18347 (the "Property").  (Am. Compl. ¶ 1.)  Plaintiffs obtained homeowners insurance for the Property from Defendant State Farm Fire and Casualty Company under policy number 38-GB-K097-7 (the "Policy").  (Id. ¶ 4; see also Policy, Am. Compl. Ex. 1.)  On April 29, 2024, while the Policy was in effect, the Property and personal items inside sustained sudden and extensive damage following an accidental leak from a fractured toilet tank.  (Am. Compl. ¶¶ 5, 7-8.)  Plaintiffs suffered losses including $19,821.96 for damaged personal property; $19,080.23 for emergency services such as

water extraction and remediation; and $76,644.84 to restore the Property to its pre-loss condition. (<u>Id.</u> ¶¶ 8, 11-12.)  Aside from these claimed losses, Plaintiffs were also entitled to coverage for storage costs, permit fees, and living expenses under the Policy.  (<u>Id.</u> ¶ 12.)  Plaintiffs kept the Property properly heated at all times, promptly reported the incident to Defendant, and cooperated in exhibiting the Property and providing documentation regarding the loss.  (<u>Id.</u> ¶¶ 6, 9, 13.)  On May 1, 2024, following an inspection by Defendant's adjuster, Defendant sent a letter questioning whether heat had been maintained at the Property and quoting a freezing exclusion provision that differs from the one in the Policy.  (<u>Id.</u> ¶¶ 10, 14, 37(l); <u>see also</u> Am. Compl. Ex. 2.)  After Plaintiffs provided proof that the Property was properly heated, Defendant sent another letter on May 24, 2024, stating that Plaintiffs' claim was still pending due to "[t]he conclusion of the structural and personal property settlement."  (Am. Compl. Ex. 3; Am. Compl. ¶ 14.)  The letter offered no further explanation for the delay, nor any estimate of when Plaintiffs' claim would be finalized.  (Am. Compl. ¶ 37(m).)

Ultimately, in a June 11, 2024 letter, Defendant denied Plaintiffs' claim, stating that its inspection had revealed that "the toilet tank had a stress crack due to wear, tear, and deterioration causing damage to [the Property] and formed mold.  Because the leak was continuous and repeating, moisture and humidity developed causing damage to the walls and flooring."  (<u>Id.</u> ¶ 14; <u>see also</u> Denial Ltr., Am. Compl. Ex. 4, at 1.)  Defendant asserted that the loss was "specifically excluded under [the Policy]."  (Am. Compl. at 14; Denial Ltr at 1.)   However, Defendant had no factual basis or proof for its claim that the leak was continuous and repeating, and its determination shows that it failed to perform an adequate inspection.  (Am. Compl. ¶¶ 17-18.)

In the June 11, 2024 letter denying coverage, Defendant also quoted several passages from the Policy in misleading ways in an attempt to discourage and deceive Plaintiffs.  (<u>Id.</u> ¶¶ 37(e), (k).) First, Defendant quoted a provision excluding coverage for damage caused by wear, tear, or

deterioration.  (Id. ¶ 23; Denial Ltr. at 2; see also Policy at 14-15, Section I – Losses Not Insured, 1.g.)  However, Defendant intentionally omitted a saving clause providing that, notwithstanding that exclusion, it would "pay for any resulting loss from [wear, tear, or deterioration] unless the resulting loss is itself a Loss Not Insured as described in this Section."  (Am. Compl. ¶¶ 23-24, 37(f); see also Policy at 16.)  Defendant also quoted an exclusion for defective materials, despite that exclusion being rendered inapplicable by a similar carve-out for resulting losses that are not themselves excluded.  (Am. Compl. ¶¶ 26-28; Denial Ltr. at 3; see also Policy at 18, Section I – Losses Not Insured, 3.b.)  Finally, Defendant quoted an exclusion for damage related to fungus although Plaintiffs had not sought coverage for mold remediation.  (Am. Compl. ¶ 25; Denial Ltr. at 2-3; see also Policy at 16-17, Section I – Losses Not Insured, 2.g.)  Defendant's letter suggests that it was unwilling to cover any damage cause by the fractured toilet tank, whether due to defect or wear.  (Am. Compl. ¶ 29.)

The Amended Complaint asserts two claims under Pennsylvania law: common law breach of contract (Count I) and insurance bad faith under 42 Pa. Cons. Stat. Ann. § 8371 (Count II).  Defendant has moved to dismiss Count II, as well as the request for attorney's fees in connection with Count I, pursuant to Federal Rule of Civil Procedure 12(b)(6).  Plaintiffs oppose the Motion.

## II.    LEGAL STANDARD

When deciding a motion to dismiss pursuant to Rule 12(b)(6), we "consider only the complaint, exhibits attached to the complaint, [and] matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents."  Alpizar-Fallas v. Favero, 908 F.3d 910, 914 (3d Cir. 2018) (quoting Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010)).  We "accept[] all well-pleaded allegations in the complaint as true and view[] them in the light most favorable to the plaintiff."  Talley v. Pillai, 116 F.4th 200, 206 (3d Cir. 2024) (quoting Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011)).  However, "we need not 'accept

3

as true a legal conclusion couched as a factual allegation.'" Host Int'l, Inc. v. Marketplace, PHL, LLC, 32 F.4th 242, 248 (3d Cir. 2022) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)) (citation omitted).

A plaintiff's pleading obligation is to set forth "a short and plain statement of the claim," which "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (second alteration in original) (first quoting Fed. R. Civ. P. 8(a)(2); then quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). The complaint must allege "'sufficient factual matter to show that the claim is facially plausible,' thus enabling 'the court to draw the reasonable inference that the defendant is liable for [the] misconduct alleged.'" Warren Gen. Hosp., 643 F.3d at 84 (quoting Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). In the end, we will grant a motion to dismiss pursuant to Rule 12(b)(6) if the factual allegations in the complaint are not sufficient "to raise a right to relief above the speculative level." Geness v. Admin. Off. of Pa. Cts., 974 F.3d 263, 269 (3d Cir. 2020) (quoting Twombly, 550 U.S. at 555).

## III.    DISCUSSION

As noted above, in the instant Motion, Defendant seeks dismissal of Plaintiffs' bad faith claim (Count II) as well as Plaintiffs' demand for attorney's fees in connection with their breach of contract claim (Count I).

### A.    Bad Faith

Defendant contends that the Amended Complaint fails to state a claim for statutory bad faith under Pennsylvania law. The Pennsylvania insurance bad faith statute provides as follows:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
>
> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
> (2) Award punitive damages against the insurer.
> (3) Assess court costs and attorney fees against the insurer.

42 Pa. Cons. Stat. Ann. § 8371.  A party bringing a bad faith claim under § 8371 "must establish: '(1) that the insurer did not have a reasonable basis for denying benefits under the policy and (2) that the insurer knew or recklessly disregarded its lack of a reasonable basis in denying the claim.'"  Reid *ex rel.* Lopez v. Selective Ins. Co., Civ. A. No. 20-1260, 2020 WL 3265148, at *1 (E.D. Pa. June 17, 2020) (quoting Rancosky v. Washington Nat'l Ins. Co., 170 A.3d 364, 377 (Pa. 2017)).  "Actionable bad faith encompasses behavior beyond the denial of a claim without a reasonable basis, including an insurer's investigation of a claim."  Gold v. State Farm Fire & Cas. Co., 880 F. Supp. 2d 587, 597 (E.D. Pa. 2012); see also Hollock v. Erie Ins. Exch., 842 A.2d 409, 415 (Pa. Super. Ct. 2004) (en banc) ("[A]n action for bad faith may also extend to the insurer's investigative practices[.]" (quoting O'Donnell *ex rel.* Mitro v. Allstate Ins. Co., 734 A.2d 901, 906 (Pa. Super. Ct. 1999))).  Additionally, "[a]n unreasonable interpretation of the policy provisions as well as a blatant misrepresentation of the facts or policy provisions will support a bad faith claim."  Hudgins v. Travelers Home & Marine Ins. Co., Civ. A. No. 11-882, 2013 WL 3949208, at *9 (E.D. Pa. July 31, 2013) (quoting Smith v. Allstate Ins. Co., 904 F. Supp. 2d 515, 524 (W.D. Pa. 2012)).  However, while bad faith "encompasses a wide variety of objectionable conduct," it requires more than "mere negligence or bad judgment."  Gold, 880 F. Supp. 2d at 600 n.11 (quoting Klinger v. State Farm Mut. Auto. Ins. Co., 115 F.3d 230, 233 (3d Cir. 1997)).

Plaintiffs argue that the Amended Complaint plausibly alleges that Defendant acted in bad faith by frivolously and unreasonably denying their claim.  The Amended Complaint alleges that, in denying coverage, Defendant asserted that a "stress crack" in a toilet tank had caused the leak, which it characterized as "continuous and repeating."  (Am. Compl. ¶ 14; Denial Ltr. at 1.)  Under the Policy,[1] there is no coverage for damage caused by "seepage or leakage of water . . . that occurs or develops over a period of time."  (Policy at 14-15, Section I – Losses Not Insured, 1.f.)  However, there is coverage for non-excluded loss to the Property, as well as loss to personal property caused by "[a]brupt and accidental discharge . . . of water."  (Id. at 13, Section I – Losses Insured, Coverage A – Dwelling, Coverage B – Personal Property, 12 (emphasis omitted).)  The Amended Complaint alleges that there was no factual basis for Defendant's assertion that the leak was continuous and repeating, and further alleges that the damage was, in fact, sudden and accidental.  (Am. Compl. ¶¶ 5, 17.)  Moreover, it alleges that Defendant attempted to bolster and conceal its baseless determination by quoting certain Policy exclusions in its denial letter while intentionally omitting or ignoring applicable saving clauses.  (Id. ¶¶ 23-24, 26-27.)

Defendant contends that these allegations amount to no more than a disagreement over coverage.  Even if its determination was mistaken, Defendant argues, that alone does not constitute bad faith.  See Gold, 880 F. Supp. 2d at 600 n.11 ("[M]ere negligence or bad judgment is not bad faith[.]" (quotation omitted)).  However, the Amended Complaint alleges not only that Defendant was wrong, but also that there was "no proof or basis in fact" for its determination that the leak was continuous and repeating (and therefore excluded), rather than sudden.  (Am. Compl. ¶ 17.)  In short,

---

[1] In the context of this Motion to Dismiss, we may consider the Policy, as well as the letters sent by Defendant to Plaintiffs regarding their claim on May 1, 2024, May 24, 2024, and June 11, 2024, because they are attached to the Amended Complaint and because they are "undisputedly authentic documents" upon which Plaintiffs' claims are based.  Alpizar-Fallas, 908 F.3d at 914 (quotation omitted).

it alleges that Defendant did not have "a reasonable basis," or indeed any basis, "for denying benefits under the policy." Lopez, 2020 WL 3265148, at *1 (quotation omitted). Moreover, the allegation that there was no factual basis whatsoever for Defendant's determination supports a reasonable inference that Defendant "knew or recklessly disregarded" that its denial was unreasonable. Id. (quotation omitted). The allegations that Defendant intentionally misrepresented the applicability of pertinent saving clauses to shore up its baseless assertions provide additional support for Plaintiffs' bad faith claim.[2] See Hudgins, 2013 WL 3949208, at *9 (quotation omitted). Accordingly, we conclude that the Amended Complaint plausibly alleges that Defendant acted in bad faith by unreasonably denying Plaintiffs' claim, and the Motion to Dismiss Count II is denied.

    B. Attorney's Fees

    Defendant also moves to dismiss Plaintiffs' request for attorney's fees in connection with their breach of contract claim (Count I), arguing that attorney's fees are not recoverable in connection with that claim. "Pennsylvania law embodies the American rule, per which there can be no recovery of attorneys' fees from an adverse party in litigation, absent express statutory authorization, clear agreement by the parties, or some other established exception." Doctor's Choice Physical Med. & Rehab. Ctr., P.C. v. Travelers Pers. Ins. Co., 128 A.3d 1183, 1189 (Pa. 2015) (citation omitted); see also O'Brien v. Travelers Prop. & Cas. Ins. Co., 65 F. App'x 853, 855 (3d Cir. 2003) (finding "no legal basis to support [plaintiff's] request for fees" in breach of contract action); Sherman v. State

---

[2] In contrast, other misrepresentations alleged in the Amended Complaint do not support a reasonable inference of bad faith. The misquoted freezing exclusion provision is not substantially different from the analogous provision in the Policy, and Plaintiffs do not explain how it could have misled them or otherwise went beyond simple mistake or negligence to constitute bad faith. (Compare Am. Compl. Ex. 2 at 1 with Policy at 14-15, Section I – Losses Not Insured, 1.b.) Additionally, although Plaintiffs had not sought coverage for mold remediation, they do not contest Defendant's representation that mold was an issue caused by the leak (see Denial Ltr. at 1), and thus the alleged inclusion of the mold provision in Defendant's denial letter was not so inappropriate as to give rise to a reasonable inference of bad faith.

Farm Ins. Co., Civ. A. No., 2017 WL 5559911, at *3 (E.D. Pa. Nov. 17, 2017) (granting motion to dismiss demand for attorney's fees in connection with breach of contract claim). Plaintiffs do not claim that any such exception applies or otherwise explain how they could be entitled to an award of attorney's fees in connection with Count I. Nonetheless, they argue that we should decline to dismiss the request for attorney's fees because it is "preservatory and conditional," and because they ultimately "would not seek relief [they are] not entitled to." (Pls. Resp. at 3 n.1; see also Am. Compl. at 10 (seeking award of attorney's fees in connection with Count I "to the extent allowed by any applicable law other than [42 Pa. Cons. Stat. Ann. § 8371, the Pennsylvania insurance bad faith statute]"). As Plaintiffs do not identify even a potential basis for an award of fees in connection with Count I, the Motion to Dismiss the demand for attorney's fees on that Count is granted.

## IV.    CONCLUSION

For the foregoing reasons, the Motion to Dismiss is granted in part and denied in part. The Motion is granted with respect to Plaintiffs' demand for attorney's fees in connection with Count I. Plaintiffs' demand for attorney's fees in connection with Count II, which Defendant has not sought to dismiss, will proceed. The Motion to Dismiss is denied in all other respects. An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova, J.

_____

John R. Padova, J.